# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### OWENSBORO DIVISION

JOHNNY A. McDONALD                                                 **PLAINTIFF**

v.                                **CIVIL ACTION NO. 4:17-CV-P138-JHM**

**GREEN RIVER CORRECTIONAL COMPLEX** *et al.*           **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on initial review of Plaintiff Johnny A. McDonald's

*pro se* amended complaint (DN 34) pursuant to 28 U.S.C. § 1915A.[1] For the reasons that follow,

the action will be dismissed in part and allowed to proceed in part.

## I. SUMMARY OF CLAIMS

Plaintiff is a convicted inmate currently incarcerated at the Kentucky State Penitentiary

(KSP). He brings his action under 42 U.S.C. § 1983 and complains of events occurring during

his detention at the Green River Correctional Complex (GRCC). He sues the following

Defendants in their individual and official capacities: GRCC Warden DeEdra Hart; Kentucky

Department of Corrections (KDOC) Commissioner James L. Erwin; "Correct Care Solutions

Corp" (CCS), who Plaintiff states is the medical services contract company at GRCC; CCS

Nurses Tim Groves and Kathy Casey; CCS Nurse Practitioner Lessye Crafton; GRCC Case

Treatment Officer (CTO) Grant Penrod; GRCC Internal Affairs (IA) Sergeant James W. Stogner;

and GRCC IA Lieutenant Holly L. Rickard. **Plaintiff having failed to name GRCC as a**

---

[1] By prior Memorandum and Order (DN 28), the Court provided Plaintiff with an opportunity to file an amended complaint related to his claims arising at the Green River Correction Complex and advised him that the amended complaint would supersede the original complaint and that the Court would perform its initial review on the amended complaint only.

**Defendant in the amended complaint, the Court will direct the Clerk to terminate it as a party to this action**.

In the amended complaint, Plaintiff raises claims alleging denial of medical treatment and interference with his mail. As to his medical treatment claim, Plaintiff reports that he has been diagnosed by several physicians as having "severe high blood pressure." He states that due to his medical condition, he passed out on September 27, 2017, and nearly passed out on August 17, 2017.[2] He claims, "each time the Plaintiff underwent massive unbearable pain in his chest, massive severe mi-gain headaches and dizziness; and CCS personnel and correctional personnel has blate out ignored the Plaintiff(s) condition which put(s) the Plaintiff at risk of losing his life." Plaintiff also claims that GRCC staff failed to answer his intercom when he called for medical help for his high blood pressure symptoms. He alleges that the following Defendants were involved in denying or delaying treatment: Defendants Groves, Crafton, Penrod, and Casey.[3]

Regarding his mail claim, Plaintiff contends that Defendants Rickard and Stogner violated his "first amendment right by tampering with his outgoing mail." He claims that Defendant Rickard "sent all of [his] legal documents to another inmate Dennis Miller whom later returned the documents" and that Defendant Stogner "prevented Plaintiff to speak freely in letters."

Attachments to the amended complaint reveals that both Defendants Hart and Erwin responded to and denied appeals of grievances filed by Plaintiff.

---

[2] Plaintiff additionally reports passing out on March 5, 2018. In an earlier filed amended complaint, however, Plaintiff reports that he was transferred from GRCC to KSP on October 16, 2017 (DN 10, p. 4). Thus, the March 2018 passing-out episode did not involve any Defendants named in the instant action.

[3] Plaintiff also mentions that a "nurse Sharry Grubbs" denied him medical treatment, but he does not name her as a Defendant.

As relief, Plaintiff seeks compensatory and punitive damages and release on parole.

## II. <u>STANDARD OF REVIEW</u>

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, the Court must review the complaint under 28 U.S.C. § 1915A and dismiss the complaint, or any portion thereof, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked

assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

## A. Claim for injunctive relief

Plaintiff seeks injunctive relief in the form of release on parole. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Because Plaintiff is seeking release from incarceration, the § 1983 claim for such relief cannot lie and will be dismissed.

## B. Official-capacity claims for damages against state Defendants

"Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Because Defendants Hart, Erwin, Penrod, Stogner, and Rickard are officers and employees of the Commonwealth of Kentucky, the claims brought against them in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, because Plaintiff seeks money damages from state officers in their official capacities, he fails to allege cognizable claims against them under § 1983. Additionally, the Eleventh Amendment acts as a bar to claims for monetary damages against the state Defendants in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. Therefore, Plaintiff's official-capacity claims for damages against Defendants Hart, Erwin, Penrod, Stogner, and Rickard will be dismissed for failure to state a claim upon which relief can be granted and for seeking monetary relief from Defendants who are immune from such relief.

*C. Claims against CCS and official-capacity claims against CCS employees*

The official-capacity claims against Defendants Groves, Casey, and Crafton actually are against their employer, CCS. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008). The same analysis that applies to a § 1983 claim against a municipality applies to a § 1983 claim against a private entity like CCS.[4] *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well.") (citation omitted). "[A] municipality cannot be held liable *solely* because it employs a tortfeasor-or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691. A municipality can only be held responsible for a constitutional deprivation if there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, "a plaintiff must 'identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). Thus, liability of a contracted private entity must be based on a policy or custom of the entity. *Street v. Corr. Corp. of Am.*, 102 F.3d at 818; *see also Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459,

---

[4] The Sixth Circuit has held that "[i]t is clear that a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993) (quoting *West v. Atkins*, 487 U.S. 42, 54 (1988)). CCS apparently has contracted with the KDOC/GRCC to provide medical services to the inmates. Thus, on initial review of the complaint, the Court presumes that CCS is a state actor.

465 (6th Cir. 2001) ("CMS's [Correctional Medical Systems, Inc.,] liability must also be premised on some policy that caused a deprivation of [plaintiff's] Eighth Amendment rights.").

In the instant case, Plaintiff does not allege that his harm was caused by a policy or custom of CCS, and none of the allegations in the amended complaint indicate that Plaintiff was injured as a result of a policy or custom implemented or endorsed by CCS. Accordingly, the claims against CCS and the official-capacity claims against Defendants Groves, Casey, and Crafton will be dismissed for failure to state a claim upon which relief may be granted.

### D. Interference with mail

Plaintiff alleges one occasion when Defendant Rickard sent legal documents to another inmate, and one instance where Defendant Stogner "prevented Plaintiff to speak freely in letters."[5] Plaintiff does not allege routine opening or interference with his mail and, therefore, fails to state a claim of constitutional proportions. *See, e.g.*, *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) ("While a prisoner has a right to be present when his legal mail is opened, an isolated incident of mail tampering is usually insufficient to establish a constitutional violation.

---

[5] Plaintiff's claim against Defendant Stogner is vague at best. To the amended complaint, however, Plaintiff attached a Disciplinary Report Form, wherein Defendant Stogner describes an incident occurring on August 31, 2017, and states:

> I . . . was reviewing inmate mail when I found that [Plaintiff] had written a letter to another Inmate and made the following statement. "I got to get away from here even if I have to beat one of these officers ass real good and make them put a staff conflict on me then that's what I will do."

To the extent that this Disciplinary Report Form consists of the incident about what Plaintiff is complaining with respect to Defendant Stogner, Plaintiff does not allege that such review occurred more than once, and the Court concludes that Plaintiff fails to plead sufficient facts to show that the review of the inmate-to-inmate correspondence was not reasonably related to a legitimate penological interest in safety and security. *See, e.g.*, *Turner v. Safley*, 482 U.S. 78, 89 (1987) (upholding a ban on all inmate-to-inmate correspondence when inmates are housed in different prisons as regulation was reasonably related to legitimate security interests).

Rather, the inmate must show that prison officials 'regularly and unjustifiably interfered with the incoming legal mail.'") (citation omitted); *Okoro v. Scibana*, 63 F. App'x 182, 184 (6th Cir. 2003) ("Such a random and isolated incident [of mail interference] is insufficient to establish a constitutional violation."); *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990) (finding that even though defendants "admitted to opening one piece of [plaintiff's] constitutionally protected legal mail by accident[,][s]uch an isolated incident, without any evidence of improper motive or resulting interference with [plaintiff's] right to counsel or to access to the courts, does not give rise to a constitutional violation."); *Rinehart v. Beck*, No. 5:09-CT-3019-D, 2011 WL 52360, at *5 (E.D.N.C. Jan. 5, 2011) ("Isolated incidents of mail mishandling do not rise to the level of a constitutional violation."); *Lloyd v. Herrington,* No. 4:11CV–P128–M, 2001 WL 6026661, at *2 (W.D. Ky. Dec. 2, 2011) ("Even if the Court interprets Plaintiff's complaint as alleging two instances of interference with his mail-one of the outgoing motion and one of his incoming piece of legal mail-the Court still finds that the two incidences taken together do not rise to a constitutional violation."); *Pearson v. Simms*, 345 F. Supp. 2d 515, 519 (D. Md. 2003) ("[O]ccasional incidents of delay or non-delivery of mail do not rise to a constitutional level.").

The mail claims, therefore, will be dismissed.

### E.  Denial/delay of medical treatment

Plaintiff complains of denial/delay of treatment for his high blood pressure.  **The Court will allow the Eighth Amendment claims to continue against Defendants Groves, Crafton, Penrod, and Casey**.

### F. Defendants Hart and Erwin

To the extent Plaintiff seeks to hold Defendants Hart and Erwin responsible based on their supervisory positions as GRCC Warden and KDOC Commissioner, respectively, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "Likewise, simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) ("In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'") (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

Further, although grievances submitted by Plaintiff reveal that Defendants Hart and Erwin denied his grievance appeals, "[t]he mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003); *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) ("The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983.")

(quoting *Shehee*, 199 F.3d at 300). A plaintiff's claim is against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (same); *Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care.").

Having failed to allege any direct involvement by Defendants Hart and Erwin in his claims, Plaintiff fails to state a claim upon which relief may be granted against them.

## IV. <u>ORDER</u>

On initial review of the amended complaint (DN 34) pursuant to 28 U.S.C. § 1915A, and for the foregoing reasons,

**IT IS ORDERED that the following claims shall continue: the Eighth Amendment claims against Defendants Groves, Crafton, Penrod, and Casey in their individual capacities**. In allowing these claims to continue, the Court passes no judgment on the merit and ultimate outcome of these claims. The Court will enter a separate Service and Scheduling Order to govern the development of the continuing claims.

**IT IS FURTHER ORDERED** that all remaining claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and/or § 1915A(b)(2) for seeking monetary relief from Defendants immune from such relief.

**The Clerk of Court is DIRECTED to terminate the following Defendants from this action:  GRCC, Hart, Erwin, CCS, Stogner, and Rickard**.

Date:  March 6, 2019

Joseph H. McKinley Jr., District Judge

United States District Court

cc:     Plaintiff, *pro se*
        Defendants
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.005